```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
EDWIN RAMOS, et al.,                              :
                                                  :
                        Plaintiffs,               :        MEMORANDUM ORDER
                                                  :
        -v-                                       :        20-CV-4904 (PAE) (JLC)
                                                  :
                                                  :
GUABA DELI GROCERY CORP., et al.,                 :
                                                  :
                        Defendants.               :
---------------------------------------------------------------X
```

**JAMES L. COTT, United States Magistrate Judge.**

On November 29, 2021, the Court granted summary judgment to plaintiffs against all defendants (except Jose Castillo) in this wage-and-hour case. Dkt. No. 43. In its opinion granting summary judgment, the Court directed plaintiffs to make further submissions regarding their entitlement to attorneys' fees and costs. *Id.* at 35–36. Plaintiffs have now moved for attorneys' fees and costs (Dkt. No. 45) and made their submissions in support of their motion (Dkt. Nos. 46–47). Defendants have not filed any opposition to the motion.[1]

Under both the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), prevailing plaintiffs are entitled to an award of reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a). It is well-settled that

---

[1] On January 5, 2022, defendants filed a notice of appeal of the Court's judgment in favor of plaintiffs. Dkt. No. 51. Notwithstanding the notice of appeal, the Court still has jurisdiction to adjudicate a motion for fees, as a notice of appeal does not divest the district court of jurisdiction to do so. *See, e.g. Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004) ([N]otwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees.").

courts determine the "presumptively reasonable fee" for an attorney's services by considering "what a reasonable, paying client would be willing to pay . . . who wishes to pay the least amount necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2007). The "presumptively reasonable fee" equals "the product of a reasonable hourly rate and a reasonable number of hours engaged in litigating the matter." *Solano v. Andiamo Café Corp.*, No. 19-CV-3264 (SN), 2021 WL 2201372, at *1 (S.D.N.Y. June 1, 2021) (citing *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). All requested fees must be supported "with contemporaneous time records establishing for each attorney for whom fees are sought, the date on which work was performed, the hours expended, and the nature of the work done." *Id.* (citations omitted). "In determining the reasonable fee for a particular case, courts rely on reasonable hourly rates prevailing in the district for similar services provided by attorneys with comparable skill and experience." *Id.* (citations omitted).

In this case, plaintiffs request $13,740 in attorneys' fees for 6.6 hours of attorney David Stein's time and 34.2 hours of attorney David Nieporent's time. *See* Declaration of David Stein dated December 29, 2021 ("Stein Dec.") at ¶ 21, Dkt. No. 47. Stein's proposed rate is $425 per hour. As set forth in his declaration in support of the motion, Stein is a founding partner of Samuel & Stein, a New York-based law firm specializing in wage-and-hour litigation. *Id.* ¶ 13. He has practiced

continuously for more than 30 years, practicing in New York since 2000. *Id*. He has litigated wage-and-hour claims almost exclusively since 2008, including several class action cases with high dollar recoveries. *Id.*

As Magistrate Judge Netburn recently found in *Solano*, given his level of experience, Stein's hourly rate of $425 is reasonable. *Solano*, 2021 WL 2201372, at *2.

So too is Nieporent's proposed hourly rate of $325. Nieporent is a senior associate at Samuel & Stein, has practiced continuously for more than 20 years, and practiced in New York since 2011. Stein Dec. ¶ 15. *See Solano*, 2021 WL 2201372, at *2 (approving Nieporent's $325 hourly rate).

It is well-settled that attorneys seeking their fees must document their application with contemporaneous time records, setting forth, for each attorney, the date, the hours expended, and the nature of the work done. *See Solano*, 2021 WL 2201372, at *2 (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). In assessing whether hours are reasonable, a court must make a "conscientious and detailed inquiry" to make sure that the "number of hours were usefully and reasonably expended." *Id. (*quoting *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994)).

In this case, Stein billed 6.6 hours at an hourly rate of $425, for a total of $2,625.00.[2] Nieporent billed 34.2 hours at $325 per hour, for a total of $11,115.00.

---

[2] Notably, for "work of a basic character," Stein reduced his hourly rate (and that of Nieporent as well) to $125. Stein Dec. ¶ 11.

Upon review of all the submitted records, the Court concludes that all tasks identified were necessary to prosecute this action (including depositions and a contested summary judgment motion), performed within a reasonable amount of time, and were of the type in which a reasonable attorney would engage. Accordingly, plaintiffs are entitled to recover the full amount of their fees, totaling $13,740.00.

In addition, plaintiffs also seek their costs of $1,724.65. These costs are comprised of $400 for filing fees; $323.60 for service of process; $641.05 for court reporting services for depositions; and $360 for interpreter services. Stein Dec. ¶ 22. These costs are documented, Stein Dec. Exhibit B, and "in line with past awards." *Solano*, 2021 WL 2201372, at *3. Accordingly, plaintiffs are entitled to recover the full amount of their costs.

For the foregoing reasons, plaintiffs' motion is granted. Plaintiffs are awarded $13,740.00 in fees and $1,724.65 in costs. The Clerk is respectfully requested to close the motion at Docket No. 45 and mark it as granted.

**SO ORDERED.**

Dated: March 1, 2022
New York, New York

_____
JAMES L. COTT
United States Magistrate Judge